1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BISMARCK A. OBANDO,

    *Petitioner*,

vs.

WILLIAM DONAT, *et al.*,

    *Respondents.*

3:08-cv-00565-ECR-RAM

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#22) to dismiss.  Respondents contend that Ground 1 of the counseled amended petition does not relate back to the timely-filed *pro se* original petition and that Ground 1 is not exhausted.

### *Relation Back*

There is no dispute that the original petition was filed before the expiration of the federal one-year limitation period and that the amended petition was filed after the expiration of the limitation period.  The sole issue presented as to timeliness is whether Ground 1 in the amended petition relates back to the timely claims in the original petition pursuant to Rule 15(c)(2) of the Federal Rules of Civil Procedure.

In the original petition, petitioner presented, *inter alia*, claims that he was denied effective assistance of counsel when trial counsel failed to object to allegedly improper closing arguments by the prosecutor.  He alleged that the improper arguments included, *inter alia*, arguments vouching for the credibility of key prosecution witnesses, reinforcing improper

opinion testimony given by prosecution witnesses as to petitioner's guilt, misstating testimony, relying on allegedly perjured testimony, interjecting the prosecutor's own opinion, and seeking to present the alleged victim as a "timid" person who was not capable of engaging in a "sexual escapade" and/or lying about it.[1]

Amended Ground 1 also alleges that petitioner was denied effective assistance of counsel when trial counsel failed to object to allegedly improper closing arguments by the prosecutor.  Respondents contend that Ground 1 does not relate back to the claims in the original petition because amended Ground 1 includes a claim that trial counsel should have objected when the prosecutor improperly suggested that the alleged victim was truthful because she was a virgin.

The Court is not persuaded.

A new claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the new claim relates back to the filing of a claim in a timely-filed pleading under Rule 15(c)(2) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.  *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence.  545 U.S. at 655-64, 125 S.Ct. at 2570-75.  Rather, under the construction of the rule approved in *Mayle*, Rule 15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."  545 U.S. at 657, 125 S.Ct. at 2571.  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  A claim that merely adds "a new legal theory tied to the same

---

[1]#4, at 3-4 & 20-26.

1  operative facts as those initially alleged" will relate back and be timely.  545 U.S. at 659 & n.5,
2  125 S.Ct. at 2572 & n.5.

3  In the present case, the claim that trial counsel should have objected to the
4  prosecutor's suggestion that the alleged victim was truthful because she was a virgin did not
5  depend upon events separate both in time and type from the originally raised episodes.  Both
6  the original and amended claims pertain to trial counsel's failure to object to allegedly
7  improper arguments made during the prosecution's closing argument.  Indeed, the claim in
8  the amended petition is closely intertwined with the claim presented in the original petition
9  regarding the prosecutor's allegedly improper argument that the alleged victim should be
10 believed because she was a timid person incapable of a sexual escapade or lying about it.
11 Ground 1 in the amended petition accordingly relates back to timely-filed claims in the original
12 petition.  *Cf. Valdovinos v. McGrath*, 598 F.3d 568, 575-76 (9th Cir. 2010)(*Brady* claim based
13 upon failure to disclose additional pieces of evidence related back to timely *Brady* claim based
14 upon failure to disclose other pieces of evidence, and ineffective assistance claim based upon
15 failure to investigate and discover additional exculpatory evidence related back to timely
16 ineffective assistance claim based upon failure to investigate and discover other exculpatory
17 evidence).

18 Ground 1 therefore is timely.

19 ***Exhaustion***

20 As noted above, amended Ground 1 alleges that petitioner was denied effective
21 assistance of counsel when trial counsel failed to object to allegedly improper closing
22 arguments by the prosecutor.  In the seven-page ground, petitioner notes in three lines that
23 trial counsel not only failed to object to the prosecutor's argument based upon the alleged
24 victim's virginity but indeed emphasized this fact throughout his own case.[2]  Respondents
25 urge that this reference to counsel's own use of the fact of the victim's virginity presents new
26 facts on the claim not relied upon in the state courts, rendering the claim unexhausted.

27 _____

28 [2]See #15, at 7, lines 14-16.

The Court again is not persuaded.

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts.   To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the state supreme court.   *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).   In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.   *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).   That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.   *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).   The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.   *See,e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

In the present case, the Court does not read the three lines in amended Ground 1 as presenting a new claim, and the Court is not persuaded that the three lines in question put the claim that was exhausted in the state courts on a materially stronger footing in federal court.   Indeed, the fact that trial counsel did not object to the prosecutor's reference, and instead used the fact in his own case as a matter of trial strategy, could tend, at the very least, "to cut both ways" under the *Strickland* analysis.   In all events, if this Court concludes that petitioner otherwise has failed to establish ineffective assistance of counsel based upon the failure to object to the prosecutor's reference to the victim's virginity, it will not be granting federal habeas relief based upon the additional fact that defense counsel also referred to and relied upon this fact in his own case.   The only exhausted claim properly before the Court is the claim based upon the failure to object to the prosecutor's argument based upon the victim's virginity, and trial counsel's use of the fact also in his own case is pertinent to Ground 1, if at all, only as it relates to the failure to object to the prosecutor's argument.

1    IT THEREFORE IS ORDERED that respondents' motion (#22) to dismiss is DENIED.

2    IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order,

3    respondents shall file an answer to the amended petition.  Respondents shall specifically cite

4    to and address the applicable state court written decision and state court record materials,

5    if any, regarding each claim within the response to that claim.

6    IT FURTHER IS ORDERED that petitioner shall have thirty (30) days from service

7    within which to file a reply.

8    DATED:   January 20, 2011

9

10

11    _____

12    EDWARD C. REED
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28